**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION IN LIMINE** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:06-cr-041 |
| Carl John St. Claire, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is defendant Carl John St. Claire's "Motion in Limine to Prohibit Specified Evidence" filed on October 6, 2006. For the reasons set forth below, the Court denies the motion.

## I.  BACKGROUND

The defendant, Carl John St. Claire, was indicted on April 26, 2006, on one count of sexual abuse of a minor child identified as S.S.C. The offense is alleged to have occurred on or about May 9, 2005. On October 2, 2006, the Government filed a notice of intent to introduce evidence relating to allegations of other incidents wherein the Defendant engaged in a sexual act or acts with a prior victim, namely his step-daughter, a minor at the time of the alleged incidents and identified as R.S.C. The Government intends to offer such evidence through the testimony of R.S.C. The Government also advised that it may call Paula Condol, a licensed professional clinical counselor employed by the Children's Advocacy Center, to testify about the contents of the May 12, 2006, forensic interview of the alleged victim (S.S.C.). On October 6, 2006, the Defendant filed a motion in limine to exclude the proposed testimony of R.S.C. and to exclude the forensic interview.

1

**II.     LEGAL DISCUSSION**

    **A.     TESTIMONY OF R.S.C.**

Rule 414 of the Federal Rule of Evidence provides, in part:

(a)    In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

. . .

(d)    For purposes of this rule and Rule 415, "child" means a person below the age of fourteen, and "offense of child molestation" means a crime under Federal law or the law of a State . . . that involved –

    (1)    any conduct proscribed by chapter 109A of title 18, United States Code, that was committed in relation to a child;

. . .

    (3)    contact between any part of the defendant's body or an object and the genitals or anus of a child;

    (4)    contact between the genitals or anus of the defendant and any part of the body of a child;

. . .

Fed. R. Evid. 414.

The Eighth Circuit has set forth the standard for admission of evidence under Rule 414:

> Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit crime. Fed. R. Evid. 404(b). However, Congress altered this rule in sex offense cases when it adopted Rules 413 and 414 of the Federal Rules of Evidence. Now, in sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense "may be considered for its bearing on any matter to which it is relevant" including the defendant's propensity to commit such offense. Fed. R. Evid. 413(a), 414(a). If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997).

2

See United States v. LeCompte, 131 F.3d 767, 769-770 (8th Cir. 1997); United States v. Eagle, 137 F.3d 1011, 1015-1016 (8th Cir. 1998); United States v. Mound, 149 F.3d 799, 800-802 (8th Cir. 1998) (prior conviction for sexual abuse admitted under Rule 413); United States v. Withorn, 204 F.3d 790, 794-795 (8th Cir. 2000); United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001). It is well-established that evidence of prior sexual offenses should ordinarily be admissible. United States v. Gabe, 237 F.3d 954, 959-60 (8th Cir. 2001). Rule 414 evidence is exceptionally probative of a defendant's sexual interest in children. United States v. Mound, 149 F.3d 799, 801 (8th Cir. 1998). Factors to be considered in admitting evidence under Rule 414 include: (1) the nature of abuse alleged, (2) the age of the prior victim, (3) the sex of the prior victim, and (4) what relationship if any existed between the prior victim and the defendant.

There is no question that the evidence the Government intends to introduce satisfies the requirements of Rule 414. The female child, R.S.C. was eight years of age at the time of the alleged prior incidents, and was under the trusted care of the Defendant.[1] The incidents involved conduct that meets the definitions set forth in Rule 414(d)(1), (3), and (4).

The evidence must also satisfy Rule 403 of the Federal Rules of Evidence. Such evidence should only be excluded when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Testimony pertaining to a prior conviction (or an uncharged offense) is prejudicial to a defendant for the same reason it is probative – it tends to prove the defendant's propensity to engage in sexual acts with young children. United States v. Gabe, 237 F.3d 954, 960 (8th Cir. 2001). However, because propensity evidence is admissible

---

[1] The Government also asserts that both R.S.C. and the alleged victim, S.S.C., had a family relationship with the Defendant. However, the record does not reveal the nature of the family relationship between the Defendant and S.S.C.

under Rule 414, it is not necessarily unfairly prejudicial. Such evidence is unfairly prejudicial only when it is so facially inflammatory as to unduly divert attention from the issues of the case. Id.

After carefully considering the evidence in light of the requirements of Rule 403, the Court finds that the probative value of the evidence at issue is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, waste of time, or the presentation of cumulative evidence. As a result, the Court will permit the Government to introduce the proposed Rule 414 evidence during its case-in-chief.

### B.     FORENSIC INTERVIEW

The Defendant also seeks to exclude evidence of the forensic interview of the alleged victim (S.S.C.) conducted by Paula Condol and the testimony of Condol regarding her interview. The Government has indicated its intent to call S.S.C. as a witness at trial to testify regarding the acts of the Defendant as charged in the Indictment.

Rule 807 of the Federal Rules of Evidence is the residual exception or catch-all to the hearsay rule, and provides in part as follows:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

In United States v. Juvenile N.B., 59 F.3d 771, 775-776 (8th Cir. 1995), the Eighth Circuit considered Rule 803(24), the forerunner of Rule 807, and held that a five-part test is used to determine admissibility, including the following points:

(1) The statement must have circumstantial guarantees of trustworthiness equivalent to the twenty-three specified exceptions listed in Rule 803;

(2) The statement must be offered as evidence of a material fact;

(3) The statement must be more probative on the point for which it is offered than any other evidence the proponent can procure through reasonable efforts;

(4) The general purposes of the Federal Rules and the interests of justice must best be served by admission of the statement into evidence;

(5) The proponent of the evidence must give the adverse party the notice specified within the rule.

United States v. Grooms, 978 F.2d 425, 427 (8th Cir. 1992); United States v. Renville, 779 F.2d 430, 439 (8th Cir. 1985). Admitting such evidence does not run afoul of the Confrontation Clause if the declarant appears for cross-examination at trial. Washington v. Crawford, 541 U.S. 36, 59 n.9 (2004); United States v. Wipf, 397 F.3d 677, 682 (8th Cir. 2005).

In the present case, the videotaped interview of S.S.C., and the testimony by Paula Condol regarding the interview, arguably have circumstantial guarantees of trustworthiness equivalent to the specified exceptions to the hearsay rule based upon Condol's training and experience in interviewing potential child abuse victims; S.S.C. was nine years old at the time of the interview which occurred within three days of the alleged abuse incidents; and S.S.C. used age-appropriate language in discussing the abuse.

However, the admissibility of such evidence is dependent upon whether S.S.C. testifies at trial. If S.S.C. testifies regarding the acts of the Defendant as charged in the Indictment and is subject to cross-examination by the Defendant, the Court finds that there would arguably be no Sixth Amendment confrontation clause problem which would prohibit the use of hearsay evidence, namely

the videotape of the forensic interview of S.S.C. by Paula Condol at the Children's Advocacy Center in Bismarck, North Dakota, or the testimony by Paula Condol regarding specific information provided by S.S.C. during the interview.  The Court concludes that the videotaped interview of S.S.C. <u>may</u> be admitted following cross-examination of S.S.C. <u>but only if</u> S.S.C. is impeached on cross-examination and the videotape is offered as a prior consistent statement under Rule 801(d)(1)(B).  If S.S.C. does not testify at trial, the Court will not allow the admission of either the videotape interview of S.S.C. or the testimony of Paula Condol.  The Court will defer ruling on the matter until after the direct and cross-examination testimony is presented at trial.

### III.    <u>CONCLUSION</u>

The Court **DENIES** in part the Defendant's Motion in Limine (Docket No. 25).  The Court finds that the Rule 414 evidence the Government intends to introduce is admissible under Rule 414 and Rule 403 of the Federal Rules of Evidence.  The Court defers ruling on the admission of the evidence of the forensic interview of the alleged victim conducted by Paula Condol, and the testimony of Paula Condol regarding her interview of the alleged victim, until after the direct and cross-examination testimony is presented at trial.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court